

**RATLIFF JACKSON, LLP**
Samuel D. Jackson, Esq.
*Member of the NJ Bar*
✆ (908) 543-4456
✉ Sam@RatliffJackson.com

March 31, 2025

**Via ECF**
Hon. Georgette Castner, U.S.D.J.
United States District Court | District of New Jersey
402 East State Street Room 2020
Trenton, NJ 08608

   Re: **Response to Motions to Dismiss**
      Robinson v. Kelsey, et al.
      **Case No. 3:24-cv-09178-GC-JTQ**

Your Honor,

  As you are aware, I represent the Plaintiff in the above-captioned matter. I am writing in response to the pair of motions to dismiss filed by the Atlantic City Defendants and the Atlantic County Defendants.

  Defendants' motions and communications with me have revealed additional information that I was previously unaware of. I filed this case on Plaintiff's behalf when I was still working for Lento Law Group, PC. Due to the time constraints imposed by the statute of limitations, there was no opportunity to obtain some of the Defendants' internal documents I have now seen, and some of the allegations in the complained were based off of the best recollection of the Plaintiff.

  It will therefore be necessary for Plaintiff to file an amended complaint to correct some of these issues. For example, Plaintiff inadvertently sued Warden Kelsey instead of Warden Kelly, who took over a few weeks prior to the subject incident. Also, Plaintiff currently intends to dismiss the Atlantic City Defendants, since new information has come to light indicating that there is no liability against them.

  Plaintiff also intends to amend Counts I and II to add additional detail and properly raise them pursuant to the protections of the 14th Amendment, rather than the 4th Amendment as they are pled in the Complaint. Plaintiff intends to amend Counts III and IV to add additional specificity to the alleged failures to train and supervise and the alleged unconstitutional policy, and to bring these two counts against Defendant County of Atlantic only, instead of all Defendants. Since Defendant Atlantic County Sheriff's Office and Defendant Eric Scheffler are mirrors of Atlantic County, Plaintiff intends to dismiss those defendants. However, Plaintiff sued Atlantic County "d/b/a Atlantic County Gerald L. Gormley Justice Facility," not the Justice Facility itself, so Atlantic County is properly a defendant. Plaintiff will research whether it is appropriate to remove the d/b/a/ language in identifying Defendant Atlantic County when amending the complaint.

  Plaintiff intends to amend the allegations in the complaint to clarify how the conduct of the remaining Atlantic County Defendants falls within N.J.S.A. § 59:3-14's exception to the immunity

conferred by N.J.S.A. § 59:5-2, as well as how the conduct of Warden Kelly makes him a proper defendant. Plaintiff intends to investigate the alleged tardiness of the tort claim notice and either drop Count V, demonstrate that the notice was timely, or set forth exceptional circumstances that justify permitting Plaintiff to proceed with these claims regardless. Plaintiff intends to maintain Count VI, since it was properly pled and remains a viable count, contingent on the survival of one of the constitutional claims. Based on Plaintiff's allegations of constitutional violations of clearly established rights, qualified immunity arguments should be addressed at the summary judgment stage, not the motion to dismiss stage.

Therefore, Plaintiff respectfully requests that the Court stay the pending motions, issue an order providing Plaintiff with time to prepare and file an amended complaint, and then deny the motions as moot once the amended complaint is filed.

I thank the Court for its kind attention to this matter.

    Respectfully,
**RATLIFF JACKSON, LLP**

_[signature]_

Samuel D. Jackson, Esq.
*Attorney for Plaintiff*

CC via ECF:   All Counsel of Record