UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BETTINA ROBINSON,** Individually and as Administratrix Ad Prosequendum to the Estate of **HASSAN ROBINSON**, | : : : : | Civil Action No. 24-9178 (GC) (JTQ) |
| Plaintiff, | : : | |
| v. | : : : | **MEMORANDUM OPINION AND ORDER** |
| **WARDEN MICHAEL KELLY** in his individual capacity, **OFFICER NAKETA LAYNE, COUNTY OF ATLANTIC D/B/A ATLANTIC COUNTY GERALD L. GORMLEY JUSTICE FACILITY. SHERIFF ERIC SCHEFFLER** in his individual capacity, **ATLANTIC COUNTY SHERIFF'S OFFICE, JOHN DOES 1-20** (fictitious names) in their individual capacities, and **ABC ENTITIES 1-10** (fictitious entities), j/s/a | : : : : : : : : : : : | |
| Defendants. | : | |

This decision resolves Defendants' Warden Michael Kelly, Officer Naketa Layne, County of Atlantic, Sheriff Eric Scheffler, and Atlantic County Sheriff's Office (collectively, "Defendants") Motion to Stay Civil Proceeding. ECF No. 31. The Court has fully reviewed the submissions of the parties and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' Motion is DENIED.

1

I. BACKGROUND[1]

The underlying matter arises from an inmate-on-inmate assault that took place on September 13, 2022, allegedly resulting in the death of Hassan Robinson ("Decedent") on August 11, 2024. Compl. ¶ 13.

Decedent was arrested on August 19, 2022 for shoplifting and failing to register as a sex offender. ECF No. 31-1 at 1 ("Mov. Br."). Shortly following the arrest, Decedent was presented to the Atlantic County Justice Facility ("ACJF") for incarceration. *Id.* On September 13, 2022, Decedent was assaulted by non-party inmate, Shakur Aabid ("Aabid"). Compl. ¶ 13. As a result of head injuries sustained during the assault, Decedent remained in a coma for over two years before passing away on August 11, 2024. *Id.* ¶ 16. On September 20, 2022, Aabid was charged with attempted murder. *Id.* ¶ 15.

Following Decedent's passing, his mother, Plaintiff Bettina Robinson, commenced the instant action, individually and as the Administratrix ad Prosequendum to the Decedent's Estate (the "Estate"), against Defendants[2] for failing to intervene and protect Decedent from the assault. *See generally*, Compl.

---

[1] The following facts are taken from Plaintiff's Amended Complaint, ECF No. 21 ("Compl."), unless otherwise indicated, and are assumed true for the purposes of this decision.

[2] Plaintiff initially filed her Complaint against the Atlantic County Police Department and Warden Michael Kelsey in addition to the Defendants named in this application. However, any claims asserted against the Atlantic County Police were dismissed on April 4, 2025, ECF No. 19, and any claims against Warden Michael Kelsey were dismissed on June, 2025. ECF No. 27.

Approximately a year after the filing of the Complaint, Aabid was scheduled to be arraigned for a superseding indictment for First Degree Murder. The arraignment was to take place on or about July 18, 2025. Mov. Br. at 1.[3] In the instant application, Defendants move to stay the case pending resolution of the criminal proceedings.

## II.     LEGAL STANDARD

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). While a "stay of a civil case where there are pending criminal proceedings is not constitutionally required, [ ] it may be warranted in certain circumstances." *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *Trustees of Plumbers Pension Fund v. Transworld Mechanical, Inc.,* 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)). The party seeking a stay of civil litigation bears the burden to show that the stay would be appropriate. *Landis*, 299 U.S. at 255.

Determining whether a stay is necessary "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. When making such a determination, courts examine a number of factors, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> 2) the status of the case, including whether the defendants have been indicted;

---

[3] Neither party has updated the Court as to the status of the criminal proceeding since the filing of this motion.

3

> 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
> 4) the private interests of and burden on the defendants;
> 5) the interests of the courts; and
> 6) the public interest.

*Walsh*, 7 F. Supp. 2d at 526 (citing *Transworld*, 886 F. Supp. at 1139). Courts must be mindful of the fact that "[t]he stay of a civil proceeding is an extraordinary remedy." *S. Freedman and Co. Inc. v. Raab*, 2008 WL 4534069, *2 (D.N.J. Oct. 6, 2008).

### III. ANALYSIS

Defendants argue that the concurrent criminal proceeding against Aabid necessitates a stay for multiple reasons, none of which meaningfully address the relevant stay factors. First, Defendants submit that they lack access to an alleged ongoing investigation conducted by the Atlantic County Prosecutor's Office ("ACPO") stemming from the criminal proceeding. Mov. Br. 2. Second, Defendants assert that they plan to seek leave to file a third-party complaint against Aabid as a necessary party. *Id.* Third, and most significantly, Defendants primarily seek a stay "to preserve the Fifth Amendment rights of the above[-]named Defendants." *Id.*

Plaintiff opposes the application, arguing that there is no need for a stay because Defendants have neither been implicated nor accused of any criminal act in the related criminal matter. ECF No. 32 at 4-6 ("Opp. Br."). For the reasons discussed below, Plaintiff is correct.

#### A. Overlap of Issues in the Criminal and Civil Proceedings

The first factor the Court must addressee is whether the overlap of issues presented in the civil and criminal proceedings weighs in favor of a stay. It does now.

Defendants' briefing on this question is thin. Though Defendants assert that there is an overlap of issues in the civil and criminal matters, Mov. Br. at 5, they fail to provide any actual analysis on the question. Indeed, Defendants motion is silent on what the actual overlap is. And significantly, Defendants fail to cite any relevant caselaw imposing a stay where, as here, the civil defendant is not charged in the criminal action. Defendants reduce their argument to single paragraph in which they contend that the Atlantic County Prosecutor's Office ("ACPO") has taken over the investigation of Decedent's assault and is in possession of necessary discovery materials for the civil action. *Id.* Defendants also note their intent to seek leave to file a third-party complaint against Aabid further intertwines the two proceedings.[4] *Id.*

In opposition, Plaintiff contends that the issues in this case are not similar to those in the criminal proceeding because there is no similarity of parties—*i.e.*, no Defendant in this action is named in the criminal matter. Opp. Br. at 2. Plaintiff cites to *Maloney v. Gordon*, in which the court found that "[t]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same

---

[4] The Court finds this argument dubious. Many cases involve non-party discovery because the information is in the possession of individuals and/or entities that are not involved in the action, including prosecutorial entities. Indeed, the purpose of Rule 45 is to effectuate such non-party discovery. *See* Fed. R. Civ. P. 45.

5

matter." 328 F. Supp. 2d 508, 511 (D. Del. 2004) (quoting *Javier H. v. Garcia–Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)). Such circumstances are not present here.

The similarity of issues is "the most important issue at the threshold in determining whether or not to grant a stay." *Walsh* 7 F. Supp. 2d at 527. Here, the Court finds that this factor weighs against Defendants. While the two actions arose out of the same underlying events, there is no overlap in parties or claims. This alone weighs against a stay. *See Deloitte Consulting LLP v. Sagitec Sols. LLC*, 2023 U.S. Dist. LEXIS 164134, at *7 n.1 (D. Del. Sep. 15, 2023); *Maloney*, 328 F. Supp. 2d at 511.

Nor does Defendants' claimed intention to file a third-party complaint against Aabid impact this decision. Aabid is not currently a party in the action and there is no motion before the Court seeking to add him. Therefore, the Court will refrain from considering any potential future arguments on this score.

### B. Status of the Criminal Proceeding

The Court next addresses whether the status of the criminal proceedings warrants the entry of a stay. It plainly does not.

Defendants maintain that a stay should be issued because, even though no Defendant has been indicted, "the ACPO is actively investigating in connection with the matters alleged in the Complaint, having conducted investigations and secured evidence against inmate, Shakur Aabid." Mov. Br. at 5. Plaintiff argues that this investigation does not necessitate a stay as the parties can subpoena the ACPO's file and ask the Court to perform an *in camera* review. Opp. Br. at 4.

6

The case for a stay is strongest when the criminal defendant has been indicted. *140 Grant Ave. Assocs., LLC v. Garsia (In re Garsia)*, 2011 Bankr. LEXIS 1030, at *8 (Bankr. D.N.J. Mar. 17, 2011). However, the determination in granting a stay must be made on the particular facts and equities of each matter. *Id.* In some circumstances, a pre-indictment stay may be warranted "[w]hen the government is conducting an active parallel criminal investigation." *Id.* (citing *Parallel Proceedings*, 129 F.R.D. at 204).

Plaintiff has the better argument on this issue. Defendants concede that, to date, no Defendants have been indicted. Defendants likewise cannot confirm whether the ACPO investigation is even ongoing. This is because Defendants' claims regarding the investigation are made solely "upon information and belief." Mov. Br. at 3. As no indictments have been presented to the Court and the status of the alleged ACPO investigation remains unclear, the Court finds that this factor weighs against the granting of a stay.

### C. Balance of the Equities[5]

The Court next balances the equitable interests, which likewise favor denying Defendants' motion. None of Defendants' arguments require a different result.

Defendants assert that the harm or prejudice they face should the stay be denied is greater than any prejudice faced by Plaintiff should the stay be granted. For example, Defendants claim that if the case proceeds, they will likely have to invoke

---

[5] For efficiency, the Court addresses both the burden on Plaintiff and the burden on Defendant in one, consolidated section.

7

their Fifth Amendment Rights to avoid being implicated in the ongoing ACPO investigation. Mov. Br. at 6. Defendants also posit that discovery burdens will increase significantly, as Defendants do not have access to the ACPO investigation. *Id.* By contrast, Plaintiff will suffer no prejudice should the stay be granted because there is "no question about preserving evidence or urgent need to proceeding with discovery," considering the Decedent passed away approximately three years ago. *Id.*

Plaintiff argues the opposite: that she will face the greater harm if the stay is granted. Opp. Br. at 6. Plaintiff notes that while the supposed date for Aabid's indictment was July 18, 2025, that date is subject to change, and it remains unknown whether Aabid will in fact be indicted. *Id.* at 7. Plaintiff maintains that an indefinite delay in litigation prejudices Plaintiff in such a way that the Court should deny the Defendants' motion. *Id.*

The balance of the equities weighs against the stay. Defendants may claim that they will likely have to invoke the Fifth Amendment, but the Court fails to see how that is likely from the record before it. As discussed above, Defendants are not named in the criminal matter, nor have Defendants provided any argument to convince the Court that they are likely to be indicted at this juncture. Indeed, Defendants have no idea whether the ACPO investigation is even open. Moreover, while Defendants lack access to the ACPO investigation, so too does Plaintiff. Thus, the potential inaccessibility of certain discovery materials burdens both Plaintiff and Defendants equally. Should the Court grant a stay, Plaintiff would face unnecessary prejudice in being forestalled from pursing her claims and righting the wrong she believes befell

her son. Accordingly, the clear prejudice to Plaintiff and the absence of harm to Defendants in proceeding with discovery weighs against granting a stay.

### D. Interests of the Court and Public

The final factor—the interests of the Court and public—also weighs against a stay.

Defendants argue that a stay is in the interests of both the Court and public. Mov. Br. at 7. They contend that a stay causes no harm to the public interests as the criminal matter "serves to advance many of those same interests." *Id.* (quoting Maloney, 328 F. Supp. 2d. at 513-14). Defendants also argue that a stay is in the Court's best interest as well because Defendants will "undoubtedly exercise their Fifth Amendment right, thereby complicating the supervision of discovery for the Court." *Id.*

In her opposition, Plaintiff maintains that Defendants' Fifth Amendment concerns are inapplicable, and thus, the Court is unlikely to see discovery complications related to Fifth Amendment privileges. Additionally, Plaintiff takes issue with Defendants' assertion that the criminal matter advances the same interests as the civil action because the Defendants are not alleged to be co-conspirators with Aabid.

The interests of the Court disfavor a stay. The Court has already discussed is views regarding likelihood of Defendants' having to invoke the Fifth Amendment, and thus, will refrain from addressing it further. Should any discovery disputes arise as a result of Defendants' actual invocation, the Court will happily assist in resolving

9

them. However, the Court "has an obligation to move its docket, and not to let cases languish before it." *De'Omilia Plastic Surgery, PC v. Sweeton*, 2013 U.S. Dist. LEXIS 163601, at *14 (D.N.J. Nov. 18, 2013) (quoting *In re Scrap Metal Antitrust Litig.*, 2002 U.S. Dist. LEXIS 28690, at *7 (N.D. Ohio Nov. 7, 2002)). And at this point, Defendants have not presented evidence of any burden on the Court that would outweigh this obligation.

With respect to public interest, the Court finds that it, too, weighs against the stay. That is because "the public has an interest in the efficient resolution of disputes with minimal delay." *Id.* at *15 (citing *Diamond v. Borough of Peapack Gladstone*, 2011 U.S. Dist. LEXIS 119895, at *7 (D.N.J. Oct. 18, 2011)). As set forth above, there is no reason for any further delay here. Consequently, this final factor weighs against a stay.

## IV.   CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

IT IS on this 28th day of January, 2026

ORDERED that the Defendant's Motion to Stay Civil Proceeding (ECF No. 31) is DENIED; and it is further

ORDERED that the Clerk is to terminate ECF No. 31.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge
