

# Atlantic County
## Department of Law

Dennis Levinson
County Executive

N. Lynne Hughes, Esq.
*Department Head
County Counsel*

609/343-2279  FAX: 343-2373
TDD: 348-5551

Office of the Adjuster
609/343-2361  FAX: 343-2322

January 29, 2026

*Via Electronic Filing*
Justin T. Quinn, U.S.M.J.
U.S. District Court, Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 State Street
Trenton, NJ  08608

   **RE: *Robinson v. Warden Michael Kelly*, Case No. 3:24-cv-09178-GC-JTQ**
     **Pre-Motion Letter**

Dear Judge Quinn:

  My office represents the Defendants, Warden Michael Kelly, Officer Neketa Layne, County of Atlantic, Sheriff Eric Scheffler and Atlantic County Sheriff's Office. Defendants previously requested permission to file a third party complaint [31]. The request was denied without prejudice pending the resolution of Defendants' motion to stay. The motion to stay was denied on January 28, 2026 [36]. Defendants are now requesting to file the Motion for Leave to File a Third Party Complaint naming Shukur Aabid as a Third Party Defendant.

  By way of background, it is alleged that while decedent, Hassan Robinson was incarcerated at the Atlantic County Justice Facility on September 13, 2022, he was assaulted by another inmate, namely, Shakur Aabid. On August 11, 2024, Decedent passed away allegedly from the injuries sustained in the assault.

  Federal Rule of Civil Procedure 14(a) governs motions for leave to file third-party complaints. Rule 14(a)(1) states that a defending party may, as third-party plaintiff, serve a Summons and Complaint to a non-party who is or may be liable to it for all or part of the claim




against it. But the third party plaintiff must, by motion, obtain the court's leave if it files the third party complaint more than 14 days after service of its original answer. Pursuant to Your Honor's Preferences, parties are required to seek leave prior to filing Motions. The decision to grant leave to file a third-party complaint is left with the sound discretion of the court. See Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F. 2d 435, 439 (3d Cir. 1971), cert. denied, 405 U.S. 1017, 92 S. Ct. 1294, 31 L. Ed. 2d 479 (1972). While a third-party claim does not need to be based on the same theory as the main claim, third-party claims must be brought under some theory of secondary liability such as indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law. See Toberman v. Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992). In the matter at bar, the assailant, Shakir Aabid is liable for the death of Hassan Robinson.

Inmate, Shakur Aabid committed the assault of Hassan Robinson and is an indispensable party. A party is a necessary or required party if in that person's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). A party is also deemed necessary if the party has an interest in the action such that disposing of the interest in the party's absence might (1) impair or impede the person's ability to protect the interest or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *Id.* at 19(a)(1)(B)(i)(ii). The death of Hassan Robinson was a direct result of Shakir Aabid's actions and he is a necessary, indispensable party, therefore Defendant's seek leave to file a Third Party Complaint.

Respectfully submitted,
/s/*Muranda L. Ruffin*
Murianda L. Ruffin, Esquire
Attorney for Defendants

Cc: Attorneys of record (via ECF)