ATLANTIC COUNTY DEPARTMENT OF LAW
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401
Phone: 609-343-2279
**Murianda L. Ruffin**, Assistant County Counsel (ID:011732000)
Attorney for Defendants Michael Kelly, Officer Naketa Layne and County of Atlantic

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| BETTINA ROBINSON, Individually and as Administratrix Ad Prosequendum to the Estate of HASSAN ROBINSON<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN MICHAEL KELLY in his individual capacity, OFFICER NAKETA LAYNE, COUNTY OF ATLANTIC, JOHN DOES 1-20 (fictitious names) in their individual capacities, and ABC ENTITIES 1-10 (fictitious entities), j/s/a<br><br>        Defendants. | Civil Action No.: 3:24-cv-09178-GC-JTQ<br><br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO 12(b)(6)** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................iii,iv

STATUTES.............................................................................................................v

COURT RULES......................................................................................................v

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE CLAIM.................................................................................1

INTRODUCTION....................................................................................................1

BACKGROUND.......................................................................................................1

    I.     STANDARD OF REVIEW FOR 12(b)(6) Motions...................................................2

        1.  DEFENDANT WARDEN KELLY AND OFFICER NAKETA LAYNE ARE ENTITLED TO DISMISSAL OF ANY CLAIMS PURSUANT TO THE NEW JERSEY TORT CLAIMS ACT BECAUSE THEY ARE IMMUNE FROM SUIT PURSUANT TO         N.J.S.A.        59:5-2(b)(4) ...........................................................................**4**

        2.  PLAINTIFF'S *MONELL* CLAIM FAILS BECAUSE HE PLEADS NO FACTS REGARDING A MUNICIPAL POLICY OR CUSTOM.......................................................**6**

        3.  PLAINTIFF'S *MONELL* FAILS BECAUSE IT DOES NOT ALLEGE CONDUCT BY A MUNICIPAL POLICYMAKER......................................................................**9**

        4.  PLAINTIFF'S CLAIM OF FAILURE TO INTERVENE AGAINST OFFICER NAKETA LAYNE AND DEFENDANTS.......................................................................**10**

        5.  PLAINTIFF'S CLAIMS AGAINST WARDEN MICHAEL KELLY ARE FRIVOLOUS........................................... **11**

        6.  PLAINTIFF'S NEW JERSEY STATE CONTITUTIONAL CLAIMS FAIL..................................................................**12**

        7.  DEFENDANTS ARE ENTITLED TO DISMISSAL OF THE COMPLAINT PURSUANT TO THE QUALIFIED IMMUNITY DOCTRINE......................................................**12**

8. PLAINTIFF FAILED TO FILE A TIMELY TORT CLAIM NOTICE..................................................................**13**

ARGUMENT..............................................................................................4

CONCLUSION.........................................................................................14

TABLE OF AUTHORITIES

*Agresta v. City of Philadelphia*, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992)..........................11

*Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)*.........................................................3

*Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990)....................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)..................................3

*Butler v. City of Phila., No. 11-7891, 2013 WL 5842709, at \*2 (E.D. Pa. Oct. 31, 2013)*.........8,9

*Connick, 131 S.Ct. at 1360* ...........................................................................9

*Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777................................................10

*Eppers v. Dragovich, 1996 WL 420830*...............................................................11

*Estate of Henderson v. City of Philadelphia*,1999 U.S.Dist.LEXIS10367\*54-55(E.D. Pa. 1999)...6

*Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)*................................................8

*Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995)...............................7

*Heron v. City of Philadelphia*, 987 F. Supp. 400, 404 (E.D. Pa. 1997).............................7

*House v. New Castle County, 824 F.Supp. 477, 486 (D.Del. 1993)*.................................7

*Iqbal, 129 S.Ct. 1937*................................................................................3,11

*Jordan v. Fox Rothschild O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d. Cir. 1994)..................2

*Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984)................................6

*Martin v. City of Philadelphia, et al*, 2000 U.S. Dist. Lexis 10242, at \*17 (E.D. Pa. 2000).........6

*Mason* v. *Abbington Township Police Department*, 2002 W.L. 31053827, (ED Pa)...........................2

*State v. Maguire, 84 N.J. 508, 528 (1980*.............................................................5

*McTernan v. City of York, 564 F.3d 636, 658-59 (3d Cir. 2009)*....................................8,9

*Monell v. Department of Social Services*, 436 U.S. 658 (1978)..........................1,6,7,8,9,10

*Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d. Cir. 1997).........................3

*Niblack v. Murray, No. 12-6910, 2013 WL 4432081*..................................................9

*Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)*............................................................7

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d. Cir. 2008)....................................3,8

*Reaves v. Vaugh, 2001 WL 936392*......................................................................................11

*Rees v. Office of Children and Youth, 473 F. App'x 139, 143 (3d Cir. 2012)*.........................9

*Rode v. Dellarciprete, 845 F.2d 1195 (3rd Cir. 1988)*..........................................................11

*Ross v. Project H.O.M.E., No. 13-7561, 2014 WL 2464962*..................................................10

*Saleem v. Sch. Dist. of Phila., No. 12-3193, 2013 WL 5763206*............................................9

*Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010)*...................................11

*Sheeran v. Nationwide Mut. Ins. Co., Inc., 80 N.J. 548, 556 (1979)*......................................5

*Simmons v. City of Philadelphia*, 947 F.2d 1042, 1064 (3d Cir. 1991).....................................6

*Springdale Educ. Ass'n. v. Springdale School District*, 133 F.3d. 649, 651 (8th Cir. 1998)..........3

*Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir.2014)...........................................8

*Torres v. City of Allentown, No. 07-1934, 2008 WL 2600314, at \*5 (E.D. Pa. June 30, 3008)*......8,9

*Velez v. Fuentes, No. 15-6939, 2016 U.S. Dist. LEXIS 99328, 2016 WL 4107689*.....................12

*White v. Lewis, 156 N.J. Super. 198 (App. Div. 1978)*..........................................................4,5

*Wood v. Williams, 568 F. App'x 100 (3d Cir. 2014)*..............................................................7

## STATUTES

42 *U.S.C.* § 1983............................................................................1,6,7,8,9,11,12

*N.J.S.A.* 59:2-9...........................................................................................13,14

*N.J.S.A.* 59:5-2............................................................................................3,4,5,6

*N.J.S.A.* 59:5-2(b)(4)....................................................................................3,4,5

## COURT RULES

*Fed R. Civ. P. 12(b)(6)*...............................................................................2,3,9

## INTRODUCTION

Plaintiff, Bettina Robinson, individually and as Administratrix Ad Prosequendum to the Estate of Hassan Robinson (hereinafter, "Plaintiff") has disregarded established Third Circuit case law by suing Atlantic County without making factual allegations regarding a municipal policy or custom that was the moving force behind the Constitutional violations she alleges. Additionally, Plaintiff has failed to allege sufficient facts to maintain constitutional claims against Warden Michael Kelly. Therefore, the Court should dismiss Plaintiff's claims against Warden Michael Kelly, Officer Naketa Layne and County of Atlantic with prejudice.

## I.    BACKGROUND

It is alleged that while decedent, inmate Hassan Robinson was incarcerated at the Atlantic County Justice Facility on September 13, 2022, he was assaulted by another inmate, namely, Shakur Aabid. *See Amended Complaint, Dkt. 21, ¶14*, **Exhibit A**. On August 11, 2024, approximately two years later, decedent passed away allegedly from the injuries sustained in the assault.

In Count I of the Amended Complaint, Plaintiff asserts §1983 Fourteenth Amendment violations for Failure to Protect against all Defendants. Plaintiff also lists a "8th Amendment Claim."

In Count II of the Amended Complaint, Plaintiff asserts a §1983 violation for Failure to Intervene under the 14th Amendment against Officer Naketa Layne. Plaintiff also lists a"4th Fourth Claim."

In Count III of the Amended Complaint, Plaintiff asserts a §1983 violation *Monell* claim for Liability of Supervisor for Conduct of Subordinate, 14th Amendment against Warden Michael Kelly.

In Count IV of the Amended Complaint, Plaintiff asserts a Violation of the New Jersey

1

Civil Rights Act (Section 10:6-2) against all Defendants.

In Count V of the Amended Complaint, Plaintiff asserts a Tortious Conduct of Fictitious Individuals and Entities as to Defendants John Does 1-20 and ABC Entities 1-10.

Plaintiff fails to include sufficient factual averments in the complaint regarding a policy or custom of Atlantic County that led to the constitutional violations as alleged. Rather than identify an actual policy or set forth factual allegations which sufficiently allege that Atlantic County has a well-settled custom of unconstitutional behavior, Plaintiff makes threadbare and conclusory assertions that Atlantic County acted with deliberate indifference to decedent's constitutional rights by authorizing or otherwise permitting a policy and custom of corrections and abuse of prisoner rights.   Plaintiff fails to provide any evidentiary support for the existence of unconstitutional policies, customs or practices of Atlantic County, other than conclusory and wholly unsubstantiated allegations.

Plaintiff also brings claims against Defendant, Warden Michael Kelly, but fails to make a single _factual_ allegation against Warden Kelly or how he played any direct role in Plaintiff's treatment at the Atlantic County Justice Facility.  Plaintiff fails to state a claim for supervisory liability against Kelly because there are no allegations that the Warden was personally involved in the incidents which form the basis for this lawsuit.

### Standard of Review for 12(b)(6) Motions

A Court must accept as true all well-pleaded allegations of the Complaint.  See, _Mason v. Abbington Township Police Department_, 2002 W.L. 31053827, (ED Pa) *1, citing _Jordan v. Fox Rothschild O'Brien & Frankel_, 20 F.3d 1250, 1261 (3d. Cir. 1994).

To survive R. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, factual allegations in the Complaint must be enough to raise a right to relief above the

speculative level, on the assumption that all of the allegations in the Complaint are true, even if doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). See also, *Springdale Educ. Ass'n. v. Springdale School District*, 133 F.3d. 649, 651 (8th Cir. 1998) (A Complaint "must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.")

In evaluating a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), a Court must accept as true all allegations in Plaintiff's Complaint and view them in a light most favorable to Plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d. Cir. 2008). However, a Court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences or unsupported conclusions. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d. Cir. 1997). The Complaint must state sufficient facts to show the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has factual, plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

If, under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the Court, the Motion must be treated as one for Summary Judgment under Rule 56.

## LEGAL ARGUMENT

The Court should grant the instant motion and dismiss Plaintiff's Amended complaint against Atlantic County, Warden Michael Kelly and Officer Lane for several reasons. First, Defendants are immune from suit pursuant to N.J.S.A. 59:5-2(b)(4). Second, Plaintiff's Amended complaint fails to include sufficient factual allegations of the existence of an unconstitutional policy, custom or practice. Third, the Amended Complaint does not allege how Warden Michael

3

Kelly was personally involved in the subject incident or directed any subordinate personally involved. Finally, Plaintiff's Amended complaint fails because it contains no factual allegations relating to the endorsement of an unconstitutional policy or custom by a municipal policymaker.

### 1. Defendant Warden Kelly and Officer Naketa Layne are Entitled to Dismissal of any Claims Pursuant to the New Jersey Tort Claims Act Because they are Immune from Suit Pursuant to N.J.S.A. 59:5-2(b)(4)

White v. Lewis, 156 N.J. Super. 198 (App. Div. 1978) (no liability for negligence of police in failing to separate Plaintiff and his cellmate even though violent tendency of cellmate was known, both Plaintiff and cellmate asked to be separated and another cell was available); Burg v. State, 147 N.J. Super. 316 (App. Div.), certif. den. 75 N.J. 11 (1977) (no liability for assault by convicted murderer participating in a work release program).

The dispositive case in this matter is White v. Lewis, 156 N.J. Super. 198 (App. Div. 1978). In White Plaintiff instituted suit against municipal officials for injuries Plaintiff received from a cellmate, following arrest for being under the influence of alcohol. The Court held that even if Defendants were *grossly negligent* in failing to separate Plaintiff and his cellmate when Defendants knew the cellmate had a history of violent assault, when both Plaintiff and the cellmate asked that they be separated and when there was another cell available. Defendants were immune from liability per N.J.S.A. 59:5-2(b)(4). The White court observed that:

> **The Supreme Court noted that the act . . . `contains a sweeping provision that neither a public entity nor a public employee shall be liable for injury caused by a prisoner to any other prisoner....' We have no doubt that N.J.S.A. 59:5-2(b)(4) was intended to insulate a public entity and employee from liability where a prisoner is injured by another prisoner, <u>even if the employee is negligent or grossly negligent</u> in carrying out what may be considered ministerial duties.**

[White, 156 N.J. Super. at 202.]

4

The White Court reached this result because it found that the ministerial/discretionary duty dichotomy is of no significance under N.J.S.A. 59:5-2, and therefore, a public entity and its employees are insulated from liability for injury caused by a prisoner to any other prisoner. Therefore, Defendants, Warden Kelly and Officer Naketa Layne are absolutely immune from Plaintiff's tort claims in the instant matter. **Plaintiff cannot circumvent the application of N.J.S.A. 59:5-2(b)(4), even by cloaking his claims in the grab of 8th and 14th amendment violations**. The language of the statute is clear and absolute. When the statutory language is plain and the result is not contrary to the intent of the Legislature, "the sole function of the court is to enforce it according to its terms." State v. Maguire, 84 N.J. 508, 528 (1980) (citing citing v. Nationwide Mut. Ins. Co., Inc., 80 N.J. 548, 556 (1979)).

In the instant matter, the Plaintiff alleges that decedent was assaulted by another inmate, namely Shakur Aabid on September 13, 2022. *See Amended Complaint ¶14* Plaintiff alleges there was a "No Contact Order." *Amended Compl. ¶33* between inmates Robinson and Aabid at the time of the assault. Plaintiff further alleges as a result, decedent, inmate Robinson's physical condition deteriorated over a period of approximately two years during which time he was comatose. A review of the inmate files revealed there was no "No Contact Order," prior to the assault. This argument fails in light of both the legislative intent and prior case law interpreting N.J.S.A. 59:5-2. Accepting as true Plaintiff's allegation that the Defendants were negligent **for the purposes of this motion only**, the Defendants, Warden Kelly and Officer Naketa Layne cannot be held liable because Plaintiff's claim is still barred by the prisoner-to-prisoner immunity provision of the Tort Claims Act, N.J.S.A. 59:5-2. In sum, the Defendants, Warden Kelly and Officer Layne are still immune pursuant to N.J.S.A. 59:5-2, as Plaintiff's alleged injuries resulted from the actions of another inmate, Shakur Aabid.

5

In sum, both the facts and applicable law lead to the inevitable conclusion that Plaintiff's tort claims are barred by N.J.S.A. 59:5-2, prisoner-to-prisoner immunity and therefore, this Honorable Court should dismiss Plaintiff's claims with prejudice.

## 2. Plaintiff's *Monell* Claim Fails Because He Pleads No Facts Regarding a Municipal Policy or Custom.

There is no *respondeat superior* liability under Section 1983. A municipality can only be liable under § 1983 when the municipality itself **causes** the complained-of violation. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To prevail against Atlantic County under § 1983, the plaintiff must prove that their rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens. *Estate of Henderson v. City of Philadelphia*, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. 1999) (*citing Simmons v. City of Philadelphia*, 947 F.2d 1042, 1064 (3d Cir. 1991)). A municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury. *Monell*, 436 U.S. at 694. "A plaintiff seeking damages from a municipality must prove that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate the plaintiff's constitutional rights; the policy must be the "moving force" behind the constitutional tort." *Estate of Henderson*, 1999 U.S. Dist. LEXIS 10367 at *55.

To establish *Monell* liability, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984); *Martin v. City of Philadelphia, et al*, 2000 U.S. Dist. Lexis 10242, at *17 (E.D. Pa. 2000). Plaintiff must "present scienter-like evidence of indifference on part of a particular policymaker or policymakers." *Simmons*, 947 F.2d at 1060-61.

6

In the absence of any unconstitutional statute or rule, it is plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident. *House v. New Castle County*, 824 F.Supp. 477, 486 (D.Del. 1993) (*citing Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (a single prior incident is insufficient as a matter of law to establish liability on the part of a municipality to take preventive action). Absent any evidence of a widespread pattern of deliberate indifference, Plaintiff's municipal liability claim must fail. *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (dismissing § 1983 action against municipality because the basis for liability consisted primarily of "vague assertions about the police department's failure to investigate other wrongdoings" and the incident in the case itself); *Heron v. City of Philadelphia*, 987 F. Supp. 400, 404 (E.D. Pa. 1997) (dismissing excessive force claim based on lack of evidence demonstrating policymaker's awareness of questionable policy).

The Court should dismiss Atlantic County from this case because Plaintiff simply parrots the legal standard for municipal liability under § 1983 without pleading sufficient supporting facts. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim. *See id.* at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case, Plaintiff has tried to plead a *Monell* claim by relying on the same sort of conclusory allegations that the Third Circuit rejected in *Wood.* (setting forth *Monell* allegations), *with Wood*, 568 F. App'x at 103-04 (discussing and rejecting similar *Monell* allegations). Such vague and general allegations fail to state a claim, because averments that "amount to a mere

7

recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments include no such factual allegations. *See Amended Compl.* at ¶74 and ¶80.. Plaintiff fails to identify an actual existing municipal policy, custom or practice on which her *Monell* claim is based and further fails to plead facts regarding how the alleged unconstitutional custom or policy was formed, who it was formed by, when it was formed, and how that policy or custom caused Plaintiff's injuries. In *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court recognized that, while local government units can be liable under § 1983, "a municipality cannot be held liable under [the federal civil rights statute] on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Thus, a local government cannot be held liable for "an injury inflicted solely by its employees or agents." *Id.* at 694. "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 638 (3d Cir. 2009) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)).

To the extent Plaintiff is attempting to allege that improper training took place, *See Compl. Count III, Liability of Supervisor for Conduct of Subordinate, ¶71-72*, the Amended Complaint fails to allege any facts to support this allegation. To demonstrate deliberate indifference where a plaintiff claims failure to train or supervise, the plaintiff must ordinarily show a "pattern of similar constitutional violations by untrained employees." *Thomas v. Cumberland County*, 749 F.3d 217,

8

223 (3d Cir.2014) (quoting Connick, 131 S.Ct. at 1360). Plaintiff has failed to allege any sort of pattern of similar constitutional violations.

Therefore, the Court should dismiss Plaintiff's claims against Atlantic County. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); Saleem v. Sch. Dist. of Phila., No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); Niblack v. Murray, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p] plaintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

### 3. Plaintiff's *Monell* Claim Fails Because It Does Not Allege Conduct by a Municipal Policymaker.

Plaintiff also fails to state a *Monell* claim because her allegations lack specific conduct by an official policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. McTernan v. City of York, 564 F.3d 636, 658-59 (3d Cir. 2009); see Rees v. Office of Children and Youth, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also* Andrews v. City of Phila., 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"). Here, Plaintiff makes no factual allegations about the conduct of an official policymaker that resulted in the ratification of an unconstitutional policy or custom.

9

Therefore, the Court should dismiss Plaintiff's claims against Atlantic County for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

### 4.    Plaintiff's Claim of Failure to Intervene against Officer Naketa Layne and Defendants

Plaintiff seeks to hold Nakata Layne and "defendants" liable for the failure of its employee, Naketa Layne, to intervene when inmate, Shakur Aabid assaulted inmate, Hassan Robinson. *See Complaint, ¶50, 54.* Plaintiff alleges that Defendant Officer Layne failed to intervene as she "personally observed the assault," *See Compl. Count 3, ¶52, 53-57* To establish a failure to intervene claim for "inmate on inmate attacks," but took no action to attempt to stop the attack. A plaintiff must allege facts showing "the officer had 'a realistic and reasonable opportunity to intervene' and 'simply refused to do so.'" *Bistrian*, 696 F.3d at 371 (quoting *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002)). The facts alleged in the complaint are insufficient to suggest the Defendant, Officer Layne was in a position to intervene when she unexpectedly came upon the assault between two male inmates, along with ten (10) other inmates in the cell. The entire assault occurred in 23 seconds. Once Officer Layne discovered the assault, she called a code 2 for an inmate fight, along with a code for medical assistance. Back up officers arrived within 9 seconds. All jail procedures were followed in response to the incident. There were no criminal charges against Officer Layne. Plaintiff does not allege any specific prior incidents of an officer's failure to intervene in an assault by another inmate. Instead Plaintiff's Monell claims for failure to

10

intervene are wholly conclusory. Plaintiff has not alleged specific incidents that constitute a pattern or practice of failure to intervene by Atlantic County Corrections Officers against intervention. A signal incident of failure to intervene does not support an inference that a failure to train caused unconstitutional conduct.

### 5. <u>Plaintiff's Claims Against Warden Michael Kelly are Frivolous</u>

Plaintiff fails to assert a factual basis for a supervisory liability claim against Warden Michael Kelly. Additionally, Plaintiff does not allege that Warden Kelly had any personal involvement in the alleged violations of his constitutional rights. Vicarious liability cannot form a basis for liability (municipal or personal) under 42 U.S.C. § 1983. *See Agresta v. City of Philadelphia*, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); *see also Reaves v. Vaugh*, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); *Eppers v. Dragovich*, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs). Additionally, a defendant in a civil rights action must have had some personal involvement in committing the alleged violation. *Rode v. Dellarciprete,* 845 F.2d 1195 (3rd Cir. 1988). Moreover, after the Supreme Court's decision in *Iqbal*, 129 S.Ct. 1937, plaintiffs must plead more than merely conclusory facts or "formulaic recitation[s] of the elements of a supervisory liability claim" to prevail on such. *See Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

Plaintiff does not allege that Warden Michael Kelly was personally involved in the incident which forms the basis for this lawsuit. *Cmplt. at ¶6, Count III, Liability of Supervisor for Conduct of Subordinate*. Plaintiff fails to articulate or allege any factual averments, plausible or otherwise, for the 42 U.S.C. § 1983 claim against Warden Michael Kelly. Plaintiff's claims against him should be dismissed with prejudice.

11

## 6. <u>Plaintiff's New Jersey State Constitutional Claims Fail.</u>

Count IV of the Amended Complaint alleges violations of the "NJCRA" (New Jersey Civil Rights Act), Section 10:6-2. It alleges all defendants deprived Plaintiff's son of his 4th Amendment right to be free from excessive force when they allowed Robinson to be . *See Amended Complaint,* ¶79. The NJCRA was modeled after § 1983, so courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." <u>*Velez v. Fuentes,*</u> No. 15-6939, 2016 U.S. Dist. LEXIS 99328, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016). As referenced above, Plaintiff has failed to state a claim upon which relief can be granted with respect to her § 1983 claims, therefore, her New Jersey counterpart claims similarly fail, and should be dismissed.

## 7. <u>Defendants are Entitled to Dismissal of the Complaint Pursuant to the Qualified Immunity Doctrine</u>

The Third Circuit has described qualified immunity as "an 'entitlement not to stand trial or face the other burdens of litigation,'" which is "'conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law.'" <u>Walter v. Pike Cty.,</u> 544 F.3d 182, 190 (3d Cir. 2008)(quoting <u>Mitchell v. Forsyth,</u> 472 U.S. 511, 525 (1985)). The doctrine has been often described in the Third Circuit in the following terms:

> Qualified immunity, as the Supreme Court has explained, is the principle that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). To determine whether this type of immunity applies, we engage in a multi-step inquiry. "First, we must ask whether the conduct alleged by the plaintiff violated a clearly established principle of constitutional or statutory law. If so, then we go on to ask whether the unlawfulness of the action would have been apparent

12

to an objectively reasonable official." *Showers v. Spangler,* 182 F.3d 165, 171-172 (3d Cir. 1999) (internal citation omitted); see also *Rouse v. Plantier,* 182 F.3d 192, 196-197 (3d Cir. 1999) (three- step inquiry) ("(1) whether the plaintiffs alleged a violation of their constitutional rights; (2) whether the right alleged to have been violated was clearly established in the existing law at the time of the violation; and (3) whether a reasonable official knew or should have known that the alleged action violated the plaintiffs' rights").

Walter, 544 F.3d at 191; Estate of Soberal v. City of Jersey City, 334 F. App'x 492, 494 (3d Cir. 2009)(the first step in the qualified-immunity analysis is to determine "whether the facts that a plaintiff has alleged ...or shown ...make out a violation of a constitutional right. n). The qualified immunity doctrine "balances two important interests the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably" and it "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009)(internal quotation omitted). Properly applied, qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (quoting Malley v. Briggs, 475 U.S. 335,341 (1986)); Hunter v. Bryant, 502 U.S. 224,229 (1991).

## 8. **Plaintiff Failed to File a Timely Tort Claim Notice**

In the instant matter, Plaintiff failed to file a timely Tort Claim Notice pursuant to N.J.S.A. 59:2-9. Plaintiff filed a tort claim *dated* December 27, 2022. The Claim was received by the Atlantic County Justice Facility personnel on December 30, 2022. The subject incident occurred on September 13, 2022, thereby the tort claim was received past the 90 day requirement under

13

N.J.S.A. 59:2-9.   The claim was therefore denied for failure to comply with the statutory requirement.

Plaintiff's failure to file a timely Tort Claim Notice necessitates dismissal of the Amended Complaint.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Complaint must be dismissed as to Defendants Warden Michael Kelly, Officer Naketa Layne and County of Atlantic.

Date:  March 13, 2026

Respectfully submitted,
Atlantic County Law Department
/s/ Murianda L. Ruffin
Murianda L. Ruffin, Esquire
Assistant County Counsel

14