# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

|  |  |
|---|---|
| BETTINA ROBINSON, Individually and as Administratrix *Ad Prosequendum* to the ESTATE OF HASSAN ROBINSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WARDEN MICHAEL KELLY in his individual capacity; OFFICER NEKETA LAYNE (#18602), in her official capacity; COUNTY OF ATLANTIC; SHERIFF ERIC SCHEFFLER, in his individual capacity; ATLANTIC COUNTY SHERIFF'S OFFICE; JOHN DOES 1-20 (fictitious names), in their individual capacities; and ABC ENTITIES 1-10 (fictitious entities); j/s/a, <br><br> *Defendants*. | Civil Action No.: 3:24-cv-09178-GC-JBD <br><br> **AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, BETTINA ROBINSON Individually and as Administratrix *Ad Prosequendum* to the ESTATE OF HASSAN ROBINSON, deceased, by and through her attorneys, Samuel D. Jackson, Esq. of Ratliff Jackson, LLP, by way of Amended Complaint, brings this action for damages and other legal and equitable relief against Defendants, WARDEN MICHAEL KELLY in his individual capacity OFFICER NEKETA LAYNE (#18602), in her official capacity, COUNTY OF ATLANTIC, SHERIFF ERIC SCHEFFLER IN HIS INDIVIDUAL CAPACITY, ATLANTIC COUNTY SHERIFF'S OFFICE, JOHN DOES 1-20 (fictitious names) in their individual capacities, and ABC ENTITIES 1-10 (Fictitious entities), jointly, severally, or in the alternative, alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

BETTINA ROBINSON
503 North Ohio Avenue
Atlantic City, New Jersey 08401

WARDEN MICHAEL KELLY
c/o Gerald L. Gormley Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330

OFFICER NEKETA LAYNE (#18602)
c/o Gerald L. Gormley Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330

COUNTY OF ATLANTIC
201 South Shore Road
Northfield, New Jersey 08225

SHERIFF ERIC SCHEFFLER
ATLANTIC COUNTY SHERIFF'S OFFICE
4997 Unami Boulevard
Mays Landing, NJ 08330

ATLANTIC COUNTY SHERIFF'S OFFICE
4997 Unami Boulevard
Mays Landing, NJ 08330

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1343.

2.     Plaintiff brings this action to redress the deprivation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 and 1988, which provide for attorneys' fees in civil rights claims.

3.     This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form

part of the same case or controversy and arise out of a common nucleus of operative fact.

4.     Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as upon information and belief, all Defendants reside in this district and the events giving rise to the claims occurred in this district.

## PARTIES

5.     At all times relevant herein, Plaintiff BETTINA ROBINSON, was an adult resident citizen of Atlantic City, New Jersey, and the natural mother of Hassan Robinson, Deceased, and the anticipated Administratrix *Ad Prosequendum* to the ESTATE OF HASSAN ROBINSON; with a residential address as above.

6.     At all times relevant herein, and upon information and belief, Defendant WARDEN MICHAEL KELLY was the Warden of the GERALD L. GORMLEY JUSTICE FACILITY at the time of the incidents complained of herein, and as such, was the person responsible for the operations, management, oversight of the GERALD L. GORMLEY JUSTICE FACILITY and responsible for the care, safety, custody and control of inmates within the County of Atlantic, New Jersey, and upon information and belief, can be served at 5060 Atlantic Avenue, Mays Landing, New Jersey 08330. At all times relevant hereto, Defendant WARDEN MICHAEL KELLY acted under color of State law.

7.     At all times relevant herein, and upon information and belief, Defendant OFFICER NEKETA LAYNE (#18602) was a Corrections Officer within the GERALD L. GORMLEY JUSTICE FACILITY at the time of the incidents complained of herein, and as such, was one of the people responsible for the care, safety, custody and control of inmates within said facility, and upon information and belief, can be served thereat. At all times relevant hereto, Defendant OFFICER NEKETA LAYNE (#18602) acted under color of State law.

8.      At all times relevant herein, and upon information and belief, Defendant, COUNTY OF ATLANTIC, was a governmental entity duly organized by statutory construction within the state of New Jersey, servable at 201 South Shore Road, Northfield, New Jersey 08225, and operating as the GERALD L. GORMLEY JUSTICE FACILITY. At all times relevant hereto, Defendant COUNTY OF ATLANTIC acted under color of State law.

9.      At all times relevant herein, and upon information and belief, Defendant SHERIFF ERIC SCHEFFLER was the Sheriff of the ATLANTIC COUNTY SHERIFF'S OFFICE at the time of the incidents complained of herein, and as such, was the person responsible for the operations, management, oversight of the ATLANTIC COUNTY SHERIFF'S OFFICE and responsible for the care, safety, custody and control of person arrested or taken into custody within the city limits of Atlantic County, New Jersey, and was responsible for the safety of the inmates incarcerated at or in transport to and from Gerald L. Gormley Justice Facility, and upon information and belief, can be served at 4997 Unami Boulevard, Mays Landing, NJ 08330. At all times relevant hereto, Defendant SHERIFF ERIC SCHEFFLER acted under color of State law.

10.     At all times relevant herein, and upon information and belief, Defendant, ATLANTIC COUNTY SHERIFF'S OFFICE was a governmental entity duly organized by statutory construction within and by the charter of Atlantic County, New Jersey, servable at 4997 Unami Boulevard, Mays Landing, NJ 08330, and responsible for the care, safety, custody and control of person arrested or taken into custody within the city limits of Atlantic County, New Jersey, and was responsible for the safety of the inmates incarcerated at or in transport to and from Gerald L. Gormley Justice Facility. At all times relevant hereto, Defendant ATLANTIC COUNTY SHERIFF'S OFFICE acted under color of State law.

11.     At all times relevant herein, Defendants, JOHN DOES 1-20 (fictitious names) and ABC

ENTITIES 1-10 (fictitious entities), are believed to be individuals or entities whose actions or omissions contributed in some relevant and material way to the causes of action complained of herein. Plaintiff does not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise. At all times relevant hereto, Defendants JOHN DOES 1-20 (fictitious names) and ABC ENTITIES 1-10 (fictitious entities), acted under color of State law.

## GENERAL FACTUAL ALLEGATIONS

12.    Plaintiff, BETTINA ROBINSON, is the mother of the decedent, her late son, HASSAN ROBINSON, who, on August 11, 2024, finally succumbed to grievous bodily injury he sustained as a result of the actions and/or omissions of the Defendants named herein.

13.    Specifically, this matter arises as a result of an altercation between Plaintiff's decedent, and another individual, non-party, Shakur L. Aabid, which occurred on or about September 13, 2022, while both Plaintiff's decedent and Aabid were in the care, custody, and control of Defendants COUNTY OF ATLANTIC, ATLANTIC COUNTY SHERIFF'S OFFICE and SHERIFF ERIC SCHEFFLER (collectively, the "Atlantic County Defendants"), while incarcerated within the GERALD L. GORMLEY JUSTICE FACILITY (hereinafter, the "Atlantic County Jail") and under the supervision of Defendants WARDEN MICHAEL KELLY (hereinafter, "Warden Kelly") and OFFICER NEKETA LAYNE (#18602) (hereinafter, "C.O. Layne").

14.    Per the *Affidavit of Probable Cause* filed in the criminal matter against Shakur Aabid in connection with his actions that day:

> On September 13, 2022, detectives from the Atlantic County Prosecutor's Office Major Crimes Unit responded to the Atlantic County Justice Facility in reference to a serious assault in which Hassan Robinson was severely beaten by Shakur Aabid inside one

of the cells.

Video surveillance of the incident shows Robinson walking up to the cell door and getting in line with other inmates to get a meal. Aabid, who is sitting down, then stands to strike Robinson when he is not looking. He continuously punches Robinson in the face. Robinson immediately falls down on a bench as Aabid continues to punch and kick him. As Robinson falls to the floor, Aabid continues to stomp on his head and face repeatedly. During the attack, Aabid pulls Robinson out from underneath the bench, repositions him, and continues to stomp his head and face with his right foot as Robinson lays unconscious.

After beating Robinson, Aabid walked up to the cell door, turned around and placed his hands behind his back for the responding officers. Robinson was transported to the hospital to be treated for severe head injuries.

15. A true and correct copy of this *Affidavit of Probable Cause* is submitted herewith as part of the criminal complaint filed against Shakur Aabid on or about September 20, 2022, which collectively are annexed hereto as **Exhibit "A"**.

16. After lying in a coma since September 13, 2022 (the day that he was beaten by Shakur Aabid), Mr. Hassan Robinson passed away on August 11, 2024, having never regained consciousness.

17. Importantly, non-party inmate Chris Doe (last name unknown at present) overheard Aabid tell an as-of-yet unknown Corrections Officer that he was going to attack Plaintiff's decedent; yet, despite this prior warning, the Corrections Officer appears to have taken no action to prevent the brutal attack.

18. The Atlantic County Defendants, as well as Warden Kelly all have direct supervisory and/or managerial oversight, care, custody and control of the activities, movement of prisoners/inmates/arrestees, and of all goings-on at the Atlantic County Jail, as well as related secured areas prisoners are taken to in preparation for court appearances, including with respect to

both the physical environment of the jail facility and with respect to the conduct of the individual employees, and it was through their knowing and deliberate indifference and/or their negligent failure to properly supervise and/or their negligent failure to timely intervene, that enabled another inmate to effectively beat Plaintiff's decedent into a coma which ultimately culminated in his death.

19.    Concerningly, the Atlantic County Defendants, as well as Warden Kelly and C.O. Layne all had reason to know of Shakur Aabid's long and violent criminal history, yet took no actions to segregate him from the rest of the inmate population within the Atlantic County Jail, and namely, Plaintiff's son, Hassan Robinson.

20.    Judge Jeffrey R. Wilson's Order of October 3, 2022, granting Pretrial Detention of Shakur Aabid, following his brutal attack on Plaintiff's decedent, sheds significant light on the threat Aabid posed:

> The defendant [Mr. Aabid] has sixteen pending charges from multiple dates, including carjacking, multiple robberies, aggravated assault, multiple offenses involving handguns. He has one prior indictable conviction, for second degree aggravated assault. On September 20, 2022, he was detained on his pending matters. It is clear he poses a danger to the community. In this case, he attacked another inmate in the county jail. The defendant stomped on the victim's head, then repositioned him to continue his assault. As a result, the victim suffered very serious head injuries. This occurred while the defendant was pending a detention hearing for carjacking and armed robbery. His criminal history reflects violent, dangerous behavior. The defendant is facing exposure to life imprisonment on this pending matter, which provides an incentive not to appear for court. The risk of obstruction is high. It is reported the defendant's detention hearing on his pending matters was rescheduled multiple times due to his unruly behavior in the jail. It is further reported that during the detention hearing the defendant removed himself while the judge was talking. This behavior demonstrates a disregard for the criminal justice process, and therefore a likelihood of obstruction.

21.    *See*, true and correct copy of this October 3, 2022, "Order Granting Pretrial Detention"

annexed hereto as **Exhibit "B"**.

22.    Although Judge Wilson's above-cited Order was written following the subject events giving rise to this matter, it nonetheless provides a succinct yet powerful depiction of the flagrantly violent and threatening nature of Shakur Aabid, from which Judge Wilson concluded that "[i]t is clear he poses a danger to the community."

23.    Surely then, it was equally as clear to the Defendants named herein that Shakur Aabid posed such a danger to the inmate community within the Atlantic County Jail, especially given that Judge Wilson even mentions that Aabid's "detention hearing on his pending matters [had to be] rescheduled multiple times due to his unruly behavior in jail."

24.    It appears clear, given both Aabid's criminal history and his pattern of behavior, that the Defendants named in this action knew that Aabid was, in essence, a ticking time bomb – a violent and dangerous criminal, who clearly posed a risk of harm to those around him.

25.    Tragically, for Plaintiff's son, he became the unwitting victim of Aabid's violent nature, as those entrusted with his care took no reasonable efforts to protect him.

## COUNT I
## FAILURE TO PROTECT FROM ATTACK
### 14th Amendment Violation (8th Amendment Claim)
### (42 U.S.C. § 1983)
### As to All Defendants

26.    Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of Plaintiff's decedent's rights as arising under the 8th Amendment to the United States Constitution and as incorporated to the various States through the 14th Amendment.

27.    42 U.S.C. § 1983 provides in relevant part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

> rights, privileges or immunities secured by the constitution and law
> shall be liable to the party injured in an action at law, suit in equity,
> or other appropriate proceeding for redress . . .

28.   At all times relevant to the allegations in this Complaint, the herein named Defendants were acting under color of State law.

29.   The Defendants named in this Count are "persons" under 42 U.S.C. §1983.

30.   Under the 8th Amendment to the United States Constitution, as incorporated against the states by the 14th Amendment, criminal justice facility officials have an affirmative duty to protect inmates from violence at the hands of other inmates.

31.   While incarcerated at the Atlantic County Jail, Plaintiff's decedent faced an appreciable and substantial risk of serious bodily harm, namely, a risk that Plaintiff's decedent would be attacked by another inmate.

32.   Despite having actual knowledge of an appreciable and substantial risk of serious bodily harm to Plaintiff's decedent, all Defendants named herein were deliberately indifferent to that risk.

33.   The Defendants' knowledge is not merely constructive, as the Defendants had cause to actually know that Shakur Aabid posed a substantial risk of serious bodily harm to Plaintiff's decedent, whether because Defendants knew of Aabid's long and varied criminal history rife with violence, actual and threatened; or because of instances of prior unruly and/or violent conduct within the Atlantic County Jail; or because of a "No Contact Order" which Plaintiff has reason to believe existed as between her son and Shakur Aabid; or for reasons not yet discovered, but which Plaintiff anticipates will come to light through discovery.

34.   The deliberate indifference of these Defendants is further made manifest by their failure to take reasonable efforts to segregate Aabid from the general inmate population within the Atlantic County Jail, thus exposing all inmates to an equal risk of harm at Aabid's hands (assuming the

attack upon Plaintiff's decedent was indiscriminate), or at the very least, specifically exposing Plaintiff's decedent to the substantial risk of harm (in the event the attack was, in fact, targeted).

35.    Despite Aabid's history, however, and despite personal observations of his conduct – warning signs which the Defendants either failed to recognize, or recognized, but consciously disregarded, they took no affirmative steps to mitigate, let alone safeguard against, the substantial risk of harm posed by Aabid.

36.    Had the Defendants not been deliberately indifferent to the appreciable and substantial risk of serious bodily harm Plaintiff's decedent faced, he would not have been caused to suffer grievous bodily injury at the hands of fellow inmate Shakur Aabid, resulting in him falling into a coma, and ultimately resulting in his untimely death.

37.    The deliberate indifference of the Defendants in this manner, while acting under color of State law, deprived Plaintiff's decedent of his rights as arising under the 14th Amendment and 8th Amendment, and thereby, the Defendants' conduct, individually and collectively, were the actual and proximate cause of the harm which befell him.

**WHEREFORE**, Plaintiff BETTINA ROBINSON, demands judgment against the Defendants, WARDEN MICHAEL KELLY, OFFICER NEKETA LAYNE (#18602), COUNTY OF ATLANTIC d/b/a ATLANTIC COUNTY GERALD L. GORMLEY JUSTICE FACILITY, SHERIFF ERIC SCHEFFLER, ATLANTIC COUNTY SHERIFF'S OFFICE, JOHN DOES 1-20 (fictitious names) and ABC ENTITIES 1-10 (fictitious entities), for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

<u>**COUNT II**</u>
<u>**FAILURE TO INTERVENE**</u>
**14th Amendment Violation (4th Amendment Claim)**
**(42 U.S.C. § 1983)**
**As to Defendants C.O. Layne & John Does 1-20**

38.    Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of Plaintiff's decedent's rights as arising under the 4th Amendment to the United States Constitution and as incorporated to the various States through the 14th Amendment.

39.    42 U.S.C. § 1983 provides in relevant part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

40.    At all times relevant to the allegations in this Complaint, the herein named Defendants were acting under color of State law.

41.    The Defendants named in this Count are "persons" under 42 U.S.C. §1983.

42.    Under the 4th Amendment to the United States Constitution, as incorporated against the states by the 14th Amendment, criminal justice facility officials have a duty to intervene to timely stop attacks upon the inmates in their care, custody, and control, whether those beatings come at the hands of a fellow corrections officer, or from another inmate.

43.    While incarcerated at the Atlantic County Jail, on or about September 13, 2022, Plaintiff's decedent was caused to be savagely beaten by another inmate, Shakur Aabid.

44.    Recall, the attack was recounted in Aabid's *Affidavit of Probable Cause* (**Ex. "A"**), in the criminal matter concerning the charges arising from the subject attack, and Aabid's actions were described thusly:

> [Aabid] then stands to strike Robinson when he is not looking. He
> continuously punches Robinson in the face. Robinson immediately
> falls down on a bench as Aabid continues to punch and kick him. As
> Robinson falls to the floor, Aabid continues to stomp on his head
> and face repeatedly. During the attack, Aabid pulls Robinson out
> from underneath the bench, repositions him, and continues to stomp
> his head and face with his right foot as Robinson lays unconscious.

45.    While Plaintiff is not yet in possession of the surveillance camera footage depicting this

brutal attack, the description of the attack suggests that this was not a simple "one-and-done" style

assault – in other words, this is not an instance where the aggressor simply walked up to the victim,

struck them a single time, and that was the extent of the attack.

46.    Rather, the description of the attack details a protracted physical assault in which Aabid

not only struck Plaintiff's decedent, catching him off guard and causing him to fall to the ground,

but also then proceeds to continue battering his victim, punching him and stomping upon him

repeatedly.

47.    At one point, Plaintiff's decedent found himself underneath the bench on which he had

been sitting – perhaps trying to put a barrier between himself and his attacker – and yet Aabid

"pull[ed] Robinson out from underneath the bench, reposition[ed] him, and continu[ed] to stomp

his head and face..."

48.    In fact, the words "continues" or "continuously" are used four (4) times in the above

description of Aabid's attack upon Plaintiff's decedent.

49.    It is clear from this description, that Aabid's attack – one in which he even had the

opportunity to reposition the victim to continue his attack – was not a short one-punch-thrown tiff,

but rather, a protracted assault, a barrage of punches and stomps, as Plaintiff's decedent desperately

tried to crawl away under a bench, only to be pulled out again so that the violent onslaught could

continue.

50.    Perhaps most alarmingly, the vicious attack upon Plaintiff's decedent was not caused to end through any action of the Defendants, but rather, because Aabid himself chose to end his brutal attack.

51.    Referring again to the description of the attack as detailed in Aabid's *Affidavit of Probable Cause*, it describes the immediate aftermath of the attack: "After beating Robinson, Aabid walked up to the cell door, turned around and placed his hands behind his back for the responding officers."

52.    This passage makes two things clear: (1) Aabid's assault was not ended by some nearby Correction's Officer who intervened to pull Aabid off of his victim, but rather, was ended voluntarily by Aabid after he had had his fill of beating Plaintiff's decedent; and (2) that Aabid had sufficient time to then get up, walk to the cell door, turn around, place his hands behind his back, and await restraint from responding officers once they decided to take action.

53.    Despite all the foregoing – the prolonged assault by Aabid upon Plaintiff's decedent, and Aabid's numerous actions in the aftermath – there was a Corrections Officer who, according to the *Preliminary Law Enforcement Incident Report* attached to Aabid's criminal complaint (**Ex. "A"**, p.7), "personally observed the offense" – Defendant C.O. Layne.

54.    Despite having "personally observed" the attack upon Plaintiff's decedent, the prolonged nature of the attack and Aabid's continued conduct thereafter indicates that Defendant C.O. Layne failed to timely intervene.

55.    Having the ability to "personally observe[]" means that Defendant C.O. Layne was necessarily close enough to the action to have Aabid and Plaintiff's decedent in her field of view.

56.    Even so, Defendant C.O. Layne took no actions to attempt to stop the attack.

57.    Defendant C.O. Layne's inaction would, perhaps, be excusable if, again, this were a "one-punch" type altercation; however, given the protracted nature of Aabid's onslaught against

Plaintiff's decedent – an onslaught which only came to an end because Aabid decided he had had enough – it is clear that Defendant C.O. Layne had a realistic and reasonable opportunity to timely intervene, given both her physical proximity to the attack and its duration.

58.   Nonetheless, Defendant C.O. Layne failed to so intervene as was her duty, failing to stop Aabid before he could inflict even more grievous bodily harm upon Plaintiff's decedent.

59.   Defendant C.O. Layne's failure to intervene, while acting under color of State law, deprived Plaintiff's decedent of his rights as arising under the 14th Amendment and 4th Amendment, and was the actual and proximate cause of the harm which befell Plaintiff's decedent.

60.   According to another inmate, Chris Doe (last name unknown at present), Mr. Aabid informed a corrections officer (either C.O. Layne or one of the John Doe defendants) that he was going to attack Plaintiff's decedent before the attack began, making Defendants' conduct all the more unjustifiable.

61.   Plaintiff acknowledges that there may also have been other Corrections Officers present within the vicinity of the subject attack who, along with Defendant C.O. Layne, failed to timely intervene to stop Aabid's assault upon Plaintiff's decedent, and thus, those unknown individuals are named herein this Count as Defendant John Does 1-20, and Plaintiff shall seek leave to amend this Complaint further, if appropriate, should discovery lead to the identity of such individuals.

**WHEREFORE**, Plaintiff BETTINA ROBINSON, demands judgment against the Defendant OFFICER NEKETA LAYNE (#18602) and JOHN DOES 1-20 (fictitious names) and ABC ENTITIES 1-10 (fictitious entities), for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

## COUNT III

## LIABILITY OF SUPERVISOR FOR CONDUCT OF SUBORDINATE
### 14th Amendment Violation
### (42 U.S.C. § 1983)
### As to Defendants Warden Kelly

62.    Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of Plaintiff's decedent's rights as arising under the 14th Amendment to the United States Constitution.

63.    42 U.S.C. § 1983 provides in relevant part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

64.    At all times relevant to the allegations in this Complaint, the herein named Defendant was acting under color of State law.

65.    The Defendant named in this Count is a "person" under 42 U.S.C. §1983.

66.    Under the 14th Amendment to the United States Constitution, and within the canon of Section 1983 jurisprudence, a supervisory defendant may be found liable if, as a person in charge, they had knowledge of and acquiesced to their subordinates' violations of an individual's rights.

67.    Defendant Warden Kelly, as Warden of the Atlantic County Jail, was the person responsible for its operations, management, and oversight; responsible for the care, safety, custody and control of its inmates; and responsible for the supervision and direction of its staff.

68.    One such staff member over whom Warden Kelly had supervisory authority was Defendant C.O. Layne, his subordinate.

69.    Defendants John Does 1-20, to the extent that they exist and were also Corrections Officers within the Atlantic County Jail who failed to timely act to stop inmate Aabid's attack on Plaintiff's decedent, were also subordinates over whom Warden Kelly had supervisory authority.

70. The failure to act of Warden Kelly's subordinates, C.O. Layne and John Does 1-20, deprived Plaintiff's decedent of his rights as arising under the 14th Amendment to the United States Constitution, as aforesaid in Count II.

71. Warden Kelly knew or had reason to know of a training deficiency present in C.O. Layne and John Does 1-20, as it relates to their responsiveness to intervening in ongoing inmate-on-inmate attacks.

72. Despite this knowledge, Warden Kelly disregarded the obvious consequence that this training deficiency would result in these subordinates violating the constitutional rights of Plaintiff's decedent through their inaction and/or untimely action.

73. Warden Kelly's failure to correct the non-responsiveness of his subordinates to take timely action to intervene to stop inmate-on-inmate attacks is, therefore, tantamount to him acquiescing to the constitutional violations these failures to act inevitably result in, and were thus a moving force which caused Plaintiff's decedent's ultimate injury.

74. Put another way, Warden Kelly's acquiescence to the non-responsiveness of his subordinates to take timely action to intervene to stop inmate-on-inmate attacks, was a custom, policy, or practice, with which Warden Kelly had become complacent, and which amounts to his deliberate indifference towards the constitutional rights of Plaintiff's decedent.

75. Warden Kelly, therefore, must be found liable for the conduct his subordinates, C.O. Layne, and John Does 1-20.

**WHEREFORE,** Plaintiff BETTINA ROBINSON, demands judgment against the Defendant WARDEN MICHAEL KELLY for general, punitive, and compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

## COUNT IV
## VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT (SECTION 10:6-2)
### As To All Defendants

76.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above,

and incorporates same as if fully set forth at length herein.

77.    N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part:

> Any person who has been deprived of any substantive due
> process or equal protection rights, privileges or immunities
> secured by the Constitution or laws of the United States, or any
> substantive rights, privileges or immunities secured by the
> Constitution or laws of this State, or whose exercise or
> enjoyment of those substantive rights, privileges or
> immunities has been interfered with or attempted to be
> interfered with, by threats, intimidation or coercion by a
> person acting under color of law, may bring a civil action for
> damages and for injunctive or other appropriate relief.

78.    In addition, N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent

part

> Any person who deprives, interferes or attempts to interfere by
> threats, intimidation or coercion with the exercise or
> enjoyment by any other person of any substantive due process
> or equal protection rights, privileges or immunities secured by
> the Constitution or laws of the United States, or any
> substantive rights, privileges or immunities secured by the
> Constitution or laws of this State is liable for a civil penalty
> for each violation. The court or jury, as the case may be, shall
> determine the appropriate amount of the penalty. Any money
> collected by the court in payment of a civil penalty shall be
> conveyed to the State Treasurer for deposit into the State
> General Fund.

79.    The herein named Defendants violated the civil rights of Plaintiff, while acting under color

of State law when they allowed him to be injured when they had clear opportunities to prevent this

injury. Defendants deprived Plaintiff's son of his 4ᵗʰ Amendment right to be free from excessive

force.

80.     By reason of the aforementioned constitutional violations by Defendants, Plaintiff's son –

HASSAN ROBINSON was deprived of his constitutional right to be free from excessive force,

suffering severe injuries and death as a result, and further, if such an unconstitutional policy were

permitted to continue, the herein named Defendants will similarly deprive other persons within the

State of New Jersey their constitutional rights as well.

        **WHEREFORE**, Plaintiff BETTINA ROBINSON, demands judgment against the

Defendants, WARDEN MICHAEL KELLY, OFFICER NEKETA LAYNE (#18602), COUNTY

OF ATLANTIC d/b/a ATLANTIC COUNTY GERALD L. GORMLEY JUSTICE FACILITY,

SHERIFF ERIC SCHEFFLER, ATLANTIC COUNTY SHERIFF'S OFFICE, JOHN DOES 1-20

(fictitious names) and ABC ENTITIES 1-10 (fictitious entities), for general, punitive, and

compensatory damages, reasonable attorney's fees and costs of suit with interest, and any further

relief which the court may deem equitable and just.

## COUNT V
## TORTIOUS CONDUCT OF FICTITIOUS INDIVIDUALS AND ENTITIES
### As to Defendants JOHN DOES 1-20 and ABC ENTITIES 1-10.

81.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above,

and incorporates same as if fully set forth at length herein.

82.     At all times relevant to this action, Defendants JOHN DOES 1-20 and ABC ENTITIES 1-

10, are fictitious names for Defendant individuals and entities whose identities are unknown at

present, but who constitute persons, partnerships, joint ventures, corporations, associations, or

other forms of private business entities who participated in the tortious actions of Defendants

described herein, whether by way of their negligence or in other ways as yet undetermined.

83.     As a direct and proximate results of the negligence and/or tortious conduct of Defendants

JOHN DOES 1-20 and ABC ENTITIES 1-10, Plaintiff's has been caused to suffer, and in fact did

suffer, significant damages.

84.    Plaintiff alleges an insufficient opportunity to determine the identity of all individuals or business entities whose actions or omissions may be potentially responsible in whole or in part for the damages incurred by Plaintiff.

85.    As such, Plaintiff specifically reserves the right to name additional individuals or entities as Defendants to this action, when and if their identities become known to Plaintiff.

**WHEREFORE**, Plaintiff BETTINA ROBINSON, demands judgment against the Defendants JOHN DOES 1-20 and ABC ENTITIES 1-10, for general, compensatory, and punitive damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BETTINA ROBINSON, prays for relief as to all counts as follows:

1) For judgement against the Defendants jointly, severally, and alternatively, for general, compensatory, punitive, and exemplary damages, with interest;

2) Reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. 1988 and/or N.J.S.A § 10:6-2(f); and

3) For such other further relief as the Court may deem equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiff, BETTINA ROBINSON demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: May 2, 2025                    **RATLIFF JACKSON, P.C.**

BY: _____
SAMUEL D. JACKSON, ESQ.

*Attorneys for Plaintiff*

# EXHIBIT

# "A"

W-2022-003901-0180   09/20/2022 12:14:34 PM   Pg 1 of 7   Trans ID: MCS20221193672
Case 3:24-cv-09178-GC-JTQ   Document 21-1   Filed 05/02/25   Page 2 of 8 PageID: 196

# COMPLAINT - WARRANT

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **0180** | **W** | **2022** | **003901** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

**THE STATE OF NEW JERSEY**

*VS.*

**SHAKUR L AABID**

ATLANTIC COUNTY CENTRAL MC
5905 MAIN ST.
MAYS LANDING        NJ   08330-0000
609-909-5999  COUNTY OF: **ATLANTIC**

ADDRESS:
129 N. NEW JERSEY AVENUE

**ATLANTIC CITY        NJ   08401-0000**

| # of CHARGES 1 | CO-DEFTS | POLICE CASE #: ACPO221573 |
|---|---|---|

COMPLAINANT NAME: CLEMENTE   MARTINEZ
4997 UNAMI BOULEVARD

MAYS LANDING        NJ   08330

DEFENDANT INFORMATION
SEX: **M**   EYE COLOR: **BROWN**   DOB: **08/17/1994**
DRIVER'S LIC. #. A00137037308942        DL STATE:   **NJ**
SOCIAL SECURITY #: **xxx-xx-x190**   SBI #:
TELEPHONE #:                ( )
LIVESCAN PCN #:

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about **09/13/2022 in**        **HAMILTON TWP**          ,   **ATLANTIC**   County,**NJ** did:
WITHIN THE JURISDICTION OF THIS COURT, DID PURPOSELY AND KNOWINGLY ATTEMPT TO CAUSE THE DEATH OF HASSAN ROBINSON, IN VIOLATION OF N.J.S.A. 2C: 5-1 AND 2C:11-3A(1) AND (2), A CRIME OF THE FIRST DEGREE.

in violation of:

| Original Charge | 1) 2C:5-1A(1)  2C:11-3A(1) | 2) | 3) |
|---|---|---|---|
| AmendedCharge | | | |

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____ DET   MARTINEZ _____        Date: **09/20/2022**

You will be notified of your Central First Appearance/CJP date to be held at the Superior Court      in the county of **ATLANTIC**
at the following address: ATLANTIC SUPERIOR COURT
4997 UNAMI BLVD                MAYS LANDING      **NJ 08330-0000**
Date of Arrest:        **Appearance Date:**        **Time:**        Phone: **609-625-7000**

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐  Probable cause **IS NOT** found for the issuance of this complaint.

_____   _____
Signature of Court Administrator or Deputy Court Administrator   Date

_____   _____
Signature of Judge   Date

☑  Probable cause **IS** found for the issuance of this complaint. **MICHELE   VERNO JUDICIAL OFFICER** 09/20/2022
        Signature and Title of Judicial Officer Issuing Warrant        Date
**TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.**

Bail Amount Set: _____ by:_____
        (if different from judicial officer that issued warrant)

| ☐  **Domestic Violence – Confidential** | ☐  **Related Traffic Tickets or Other Complaints** | ☑  **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐  **No phone, mail or other personal contact w/victim**
☐  **No possession firearms/weapons**
☐  **Other (specify):**

**ORIGINAL**

**Page 1  of 7**        NJ/CDR2 1/1/2017

# COMPLAINT – WARRANT (Court Action)

| COMPLAINT NUMBER | | | | STATE V. | |
|---|---|---|---|---|---|
| **0180** | **W** | **2022** | **003901** | | **SHAKUR L AABID** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | | |

| FTA Bail Information | Date Bail Set: | | Amount Bail Set: $_____ | by:_____ | ☐ Bail Recog. Attached |
|---|---|---|---|---|---|

| Released on Bail (√) | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Date Referred to County Prosecutor: _____ |
|---|---|---|---|---|---|

| Date of First Appearance: | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes ☐ No |
|---|---|---|

| **Prosecuting Attorney Information** | **Defense Counsel Information** |
|---|---|
| Name: | Name: |

| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |
|---|---|---|---|---|---|---|---|---|---|

| | 1) **2C:5-1A(1)** **2C:11-3A(1)** | 2) | 3) |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |
| Waiver Indt/Jury | | | |
| Plea/Date of Plea | Plea:    Date: | Plea:    Date: | Plea:    Date: |
| Adjudication (* see code) | Finding Code:    Date: | Finding Code:    Date: | Finding Code:    Date: |

| Jail Term | | Jail time credit | Susp. Imp | | Jail time credit | Susp. Imp | | Jail time credit | Susp. Imp |
|---|---|---|---|---|---|---|---|---|---|
| Probation Term | | | Susp. Imp | | | Susp. Imp | | | Susp. Imp |
| Cond. Discharge Term | | | | | | | | | |
| Community Service | | | | | | | | | |
| D/L Suspension Term | | | | | | | | | |

| Fines/Costs | Fines:    Costs: | Fines:    Costs: | Fines:    Costs: |
|---|---|---|---|
| VCCB/SNSF | VCCB:    SNSF: | VCCB:    SNSF: | VCCB:    SNSF: |
| DEDR/Lab Fee | DEDR:    LAB: | DEDR:    LAB: | DEDR:    LAB: |
| CD Fee/Drug Ed Fnd | CD:    DAEF: | CD:    DAEF: | CD:    DAEF: |
| DV Surch/Other Fees | DV:    Other: | DV:    Other: | DV:    Other: |
| Restitution Beneficiary:_____ | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**

**Related Traffic Tickets and Complaints:**

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P - Dismissed-Plea Agreement
S – Disposed at Superior
W – Dismissed-False ID

| JUDGE'S SIGNATURE | DATE | **COMPLAINT - WARRANT (Court Action)** |
|---|---|---|
| | | **Page 2 of 7**    NJ/CDR2 1/1/2017 |

# COMPLAINT - WARRANT

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY |
|---|---|---|---|---|

| 0180 | W | 2022 | 003901 |
|---|---|---|---|
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

**VS.**

**SHAKUR L AABID**

ATLANTIC COUNTY CENTRAL MC
5905 MAIN ST.
MAYS LANDING          NJ   08330-0000
609-909-5999   COUNTY OF: ATLANTIC

ADDRESS:
129 N. NEW JERSEY AVENUE

ATLANTIC CITY          NJ   08401-0000

| # of CHARGES 1 | CO-DEFTS | POLICE CASE #: ACPO221573 |
|---|---|---|

DEFENDANT INFORMATION
SEX: **M**   EYE COLOR: **BROWN**        DOB: **08/17/1994**
DRIVER'S LIC. #. **A00137037308942**          DL STATE: **NJ**
SOCIAL SECURITY #: **xxx-xx-x190**   SBI #:
TELEPHONE #:                                ( )
LIVESCAN PCN #:

COMPLAINANT
NAME:   CLEMENTE  MARTINEZ

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about **09/13/2022** in          **HAMILTON TWP**          ,   **ATLANTIC**   County, **NJ** did:
WITHIN THE JURISDICTION OF THIS COURT, DID PURPOSELY AND KNOWINGLY ATTEMPT TO CAUSE THE DEATH OF HASSAN ROBINSON, IN VIOLATION OF N.J.S.A. 2C: 5-1 AND 2C:11-3A(1) AND (2), A CRIME OF THE FIRST DEGREE.

in violation of:

| Original Charge | 1) 2C:5-1A(1) 2C:11-3A(1) | 2) | 3) |
|---|---|---|---|
| Amended Charge | | | |

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

Signed: _____ DET  MARTINEZ _____          Date: 09/20/2022

You will be notified of your **Central First Appearance/CJP** date to be held at the Superior Court          in the county of **ATLANTIC**
at the following address: ATLANTIC SUPERIOR COURT
4997 UNAMI BLVD                                    MAYS LANDING          NJ 08330-0000

| Date of Arrest: | Appearance Date: | Time: | Phone: 609-625-7000 |
|---|---|---|---|

### PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐  Probable cause **IS NOT** found for the issuance of this complaint.

_____ _____          _____ _____
Signature of Court Administrator or Deputy Court Administrator   Date          Signature of Judge          Date

☑  Probable cause **IS** found for the issuance of this complaint. **MICHELE   VERNO JUDICIAL OFFICER 09/20/2022**
                                        Signature and Title of Judicial Officer Issuing Warrant          Date
**TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.**

Bail Amount Set: _____ by:_____
                                        (if different from judicial officer that issued warrant)

| ☐ **Domestic Violence – Confidential** | ☐ **Related Traffic Tickets or Other Complaints** | ☑ **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐  **No phone, mail or other personal contact w/victim**
☐  **No possession firearms/weapons**
☐  **Other** (specify):

**COMPLAINT - WARRANT (DEFENDANT'S COPY)**

**Page 3  of 7**          NJ/CDR2 1/1/2017

Case 3:24-cv-09178-GC-JTQ   Document 47-4   Filed 03/13/26   Page 26 of 32 PageID:
350
W-2022-003901-0180   09/20/2022 12:14:34 PM   Pg 4 of 7   Trans ID: MCS20221193672
Case 3:24-cv-09178-GC-JTQ   Document 21-1   Filed 05/02/25   Page 5 of 8 PageID: 199

# COMMITMENT

| COMPLAINT NUMBER | | | | *THE STATE OF NEW JERSEY* |
|---|---|---|---|---|

**0180** | **W** | **2022** | **003901**
COURT CODE | PREFIX | YEAR | SEQUENCE NO.

*VS.*

SHAKUR L AABID

ATLANTIC COUNTY CENTRAL MC
5905 MAIN ST.
MAYS LANDING          NJ   08330-0000
609-909-5999     COUNTY OF: **ATLANTIC**

ADDRESS:
129 N. NEW JERSEY AVENUE

ATLANTIC CITY          NJ   08401-0000

| # of CHARGES 1 | CO-DEFTS | POLICE CASE #: ACPO221573 |
|---|---|---|

COMPLAINANT NAME: CLEMENTE   MARTINEZ
4997 UNAMI BOULEVARD

MAYS LANDING          NJ   08330

DEFENDANT INFORMATION
SEX:  **M**  EYE COLOR:  **BROWN**     DOB: 08/17/1994
DRIVER'S LIC. #. A00137037308942          DL STATE:  **NJ**
SOCIAL SECURITY #: xxx-xx-x190     SBI #:
TELEPHONE #:               . ( )
LIVESCAN PCN #:

**To any Law Enforcement Official of New Jersey, You are commanded to transport this defendant to the Warden of this county who is required to keep the defendant in custody until a release or detention decision is made.**

| | Offense | Aux Offense | Drug Code | Degree | Offense Description |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

Commitment Reason:

You will be notified of your Central First Appearance/CJP date to be held at the Superior Court     in the county of **ATLANTIC**
at the following address:  ATLANTIC SUPERIOR COURT
4997 UNAMI BLVD          MAYS LANDING          NJ 08330-0000

Phone:  609-625-7000

Date of Arrest:

Signature and Title of Judicial Officer Issuing Warrant          Date

# COMMITMENT

**Page 4  of 7**          NJ/CDR2 1/1/2017

# Affidavit of Probable Cause

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **0180** | **W** | **2022** | **003901** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

**ATLANTIC COUNTY CENTRAL MC**
**5905 MAIN ST.**
**MAYS LANDING        NJ   08330-0000**
**609-909-5999**   COUNTY OF: **ATLANTIC**

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | ACPO221573 |

COMPLAINANT NAME: **CLEMENTE   MARTINEZ**
**4997 UNAMI BOULEVARD**

**MAYS LANDING        NJ   08330**

## *THE STATE OF NEW JERSEY*
### *VS.*
**SHAKUR L AABID**

ADDRESS:
**129 N. NEW JERSEY AVENUE**

**ATLANTIC CITY            NJ   08401-0000**

DEFENDANT INFORMATION
SEX: **M**   EYE COLOR: **BROWN**        DOB: **08/17/1994**
DRIVER'S LIC. #: **A00137037308942**        DL STATE: **NJ**
SOCIAL SECURITY #: **xxx-xx-x190**   SBI #:
TELEPHONE #:                    ( )
LIVESCAN PCN #:

Purpose: This Affidavit/Certification is to more fully describe the facts of the alleged offense so that a judge or authorized judicial officer may determine probable cause.

1. Description of relevant facts and circumstances which support probable cause that (1) the offense(s) was committed <u>and</u> (2) the defendant is the one who committed it:

On September 13, 2022, detectives from the Atlantic County Prosecutor's Office Major Crimes Unit responded to the Atlantic County Justice Facility in reference to a serious assault in which Hassan Robinson was severely beaten by Shakur Aabid inside one of the cells.

Video surveillance of the incident shows Robinson walking up to the cell door and getting in line with other inmates to get a meal.  Aabid, who is sitting down, then stands to strike Robinson when he is not looking.  He continuously punches Robinson in the face. Robinson immediately falls down on a bench as Aabid continues to punch and kick him.  As Robinson falls to the floor, Aabid continues to stomp on his head and face repeatedly. During the attack, Aabid pulls Robinson out from underneath the bench, repositions him, and continues to stomp his head and face with his right foot as Robinson lays unconscious.

After beating Robinson, Aabid walked up to the cell door, turned around and placed his hands behind his back for the responding officers. Robinson was transported to the hospital to be treated for severe head injuries.

| **Affidavit of Probable Cause** |
|---|
| **Page 5 of 7**        1/1/2017 |

Case 3:24-cv-09178-GC-JTQ   Document 47-4   Filed 03/13/26   Page 28 of 32 PageID:
W-2022-003901-0180   09/20/2022 12:14:34 PM   Pg 6 of 7   Trans ID: MCS20221193672
361
Case 3:24-cv-09178-GC-JTQ   Document 21-1   Filed 05/02/25   Page 7 of 8 PageID: 201

# Affidavit of Probable Cause

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY |
|---|---|---|---|---|

| **0180** | **W** | **2022** | **003901** |
|---|---|---|---|
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

**THE STATE OF NEW JERSEY**
**VS.**
SHAKUR L AABID

2. I am aware of the facts above because: (Included, but not limited to: your observations, statements of eyewitnesses, defendant's admission, etc.)

I assisted in this investigation and reviewed the surveillance video of the incident.

3. If victim was injured, provide the extent of the injury:

The victim sustained severe head injuries.

Certification:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: DET  MARTINEZ LAW ENFORCEMENT OFFICER          Date:          09/20/2022

# Preliminary Law Enforcement Incident Report

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY |
|---|---|---|---|---|

| 0180 | W | 2022 | 003901 |
|---|---|---|---|
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*

*VS.*

**SHAKUR L AABID**

**ATLANTIC COUNTY CENTRAL MC**
**5905 MAIN ST.**
**MAYS LANDING         NJ   08330-0000**
**609-909-5999** COUNTY OF: **ATLANTIC**

ADDRESS: **129 N. NEW JERSEY AVENUE**

**ATLANTIC CITY          NJ   08401-0000**

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | ACPO221573 |

COMPLAINANT NAME: CLEMENTE   MARTINEZ
4997 UNAMI BOULEVARD

MAYS LANDING          NJ   08330

DEFENDANT INFORMATION
SEX:  **M**   EYE COLOR:  **BROWN**          DOB: 08/17/1994
DRIVER'S LIC. #. **A00137037308942**          DL STATE:   **NJ**
SOCIAL SECURITY #: **xxx-xx-x190**     SBI #:
TELEPHONE #:                    ( )
LIVESCAN PCN #:

**Purpose:** The Preliminary Law Enforcement Incident Report (PLEIR) is intended to document basic information known to the officer at the time of its preparation. It is recognized that additional relevant information will emerge as an investigation continues. The PLEIR shall be in addition to, not in lieu of, any regular police arrest, incident, or investigation reports. Note that the PLEIR is specific to each defendant charged in an investigation.

-Another law enforcement officer(s) personally observed the offense, List the officer(s) and their badge#
  Neketa Layne #18602

-The offense/incident was recorded using electronic/surveillance via:
    •Surveillance Camera

-The defendant was known to the victim as:
    •Acquaintance

-The victim was injured and:
    •Victim transported to medical facility

**Certification:**
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: ____ **DET   MARTINEZ LAW ENFORCEMENT OFFICER** ____     Date: ____09/20/2022____

| | **Preliminary Law Enforcement Incident Report** |
|---|---|
| | **Page 7 of 7**          7/20/2018 |

# EXHIBIT

# "B"

PREPARED BY COURT

State of New Jersey,

v.

Shakur L Aabid,

Defendant.



SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: CRIMINAL PART
ATLANTIC COUNTY

Complaint #: W-2022-003901-0180

Criminal Action

ORDER GRANTING
PRETRIAL DETENTION

## FINDINGS:

THIS MATTER having been opened to the court by the State, and the court having conducted a hearing, with Katrina Koerner appearing on behalf of the Atlantic Prosecutor, representing the State of New Jersey, and Andrew R Imperiale appearing on behalf of the defendant,

The court finds that the State has established probable cause that the eligible defendant committed the charged offense(s) based on:

- The probable cause affidavit
- The preliminary law enforcement incident report

Further, the court finds probable cause that the defendant committed offenses that create the presumption that the defendant shall be detained pending trial because no amount of monetary bail, non-monetary condition or combination of monetary bail and conditions would reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community, and that the defendant will not obstruct or attempt to obstruct the criminal justice process.

## REASONS FOR GRANTING PRETRIAL DETENTION:

FURTHER, for the reasons set forth on the record and herein, the court finds that although the defendant was able to rebut, by a preponderance of the evidence, the presumption that the defendant shall be detained pending trial, the State was nevertheless able to establish by clear and convincing evidence that no amount of monetary bail, non-monetary conditions or combination of monetary bail and conditions would reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community, that the defendant will not obstruct or attempt to obstruct the criminal justice process.

In reaching this decision, the court made the following findings of fact and conclusions of law:

- The nature and circumstances of the offense charged.

Page: 1 of 2

**State v. Shakur L Aabid**



**W-2022-003901-0180**

- Offense(s) charges, specifically, Attempted Murder
- Particular circumstances, specifically, On September 13, 2022, at the Atlantic County Justice Facility where the defendant physically assaulted another inmate inside one of the cells. Video surveillance of the incident shows the victim walking up to the cell door and getting in line with other inmates to get a meal. The defendant then strikes the victim when he is not looking and continuously punches the victim in the face. The victim falls on a bench, and then to the floor. The defendant continues to stomp on the victim's head and face and eventually pulls the victim from underneath the bench, repositions him, and continues to stomp on his head and face with his right foot as the victim lays unconscious.

- The history and characteristics of the defendant, including the defendant's:
  - Character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, specifically, The Defendant is twenty-eight years old and a resident of Atlantic City. He is not on Pretrial Monitoring. He has sixteen pending charges from multiple dates, including carjacking, multiple robberies, aggravated assault, and multiple offenses involving handguns. The Defendant has no prior disorderly person's convictions. He has one prior indictable conviction, for second degree aggravated assault which the PSA lists as his one prior violent conviction. He was sentenced to 4 years in a New Jersey State Prison for that conviction.
  - Criminal history as reflected in the PSA

- The court considered the release recommendation of the pretrial services program obtained using a risk assessment instrument, specifically, The PSA has a score of 3 for Failure to Appear and a 5 for New Criminal Activity - and is flagged for an elevated risk of violence. The PSA recommends no release.

The defendant has sixteen pending charges from multiple dates, including carjacking, multiple robberies, aggravated assault, multiple offenses involving handguns. He has one prior indictable conviction, for second degree aggravated assault. On September 20, 2022, he was detained on his pending matters. It is clear he poses a danger to the community. In this case, he attacked another inmate in the county jail. The defendant stomped on the victim's head, then repositioned him to continue his assault. As a result, the victim suffered very serious head injuries. This occurred while the defendant was pending a detention hearing for carjacking and armed robbery. His criminal history reflects violent, dangerous behavior. The defendant is facing exposure to life imprisonment on this pending matter, which provides an incentive not to appear for court. The risk of obstruction is high. It is reported the defendant's detention hearing on his pending matters was rescheduled multiple times due to his unruly behavior in the jail. It is further reported that during the detention hearing the defendant removed himself while the judge was talking. This behavior demonstrates a disregard for the criminal justice process, and therefore a likelihood of obstruction.

Therefore, the motion for pretrial detention is **GRANTED**. The defendant is hereby **ORDERED DETAINED** pending the disposition of the above-captioned offenses.

It is further ORDERED that Defendant be afforded reasonable opportunity for private consultation with counsel.

Defendant was informed of the right to an expedited appeal of this order. The appeal must be filed within 7 days of the entry of this order pursuant to R. 2:9-13(b).

Date: 10/03/2022                                    /s/ JUDGE  JEFFREY R WILSON